# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES KING,
    Petitioner

v.

WARDEN DAVID EBBERT,
    Respondent

Civil No. 3:16-CV-1863

(Judge Nealon)
(Magistrate Judge Mehachick)

FILED
SCRANTON
JAN 0 3 2017
Per_____
DEPUTY CLERK

## MEMORANDUM

On September 9, 2016, Petitioner, James King, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 alleging he was denied procedural due process rights in relation to the charge that he violated Code 203, "Threatening another with bodily harm," and Code 296, "Unauthorized use of the mail." (Doc. 1). On October 5, 2016, Respondent filed a response to the petition. (Doc. 4). On October 19, 2016, Petitioner filed a traverse. (Doc. 5). On November 28, 2016, Magistrate Judge Mehalchick issued a Report and Recommendation, ("R&R"), recommending that this Court dismiss the petition with prejudice due to Petitioner's failure to exhaust the available administrative remedies before filing the instant appeal. (Doc. 6, pp. 28-31, 38). Defendant filed objections on December 15, 2016. (Doc. 7). For the reasons set forth below, the objections will be overruled, the R&R will be adopted, and the petition for writ of

habeas corpus will be dismissed with prejudice.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. See <u>Henderson v. Keisling</u>, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the petitioner] must be separately considered by the District Court"), <u>citing</u> <u>Goney v. Clark</u>, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete <u>de novo</u> determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the petitioner, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See <u>Sanders v. Downs</u>, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made <u>de novo</u>, while the "remainder of

the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## Discussion

In his petition, Petitioner alleges that his procedural due process rights were violated in relation to a charge of violating Codes 203 and 296. (Doc. 1). Respondent argues that Petitioner's writ for habeas corpus should be denied because Petitioner did not administratively exhaust his claims. (Doc. 4).

Magistrate Judge Mehalchick issued the R&R at hand, in which she provides the factual and procedural background of the case, and the appropriate standard of review for a habeas corpus petition filed under 28 U.S.C. § 2241. (Doc. 6, pp. 15-23). Ultimately, Magistrate Judge Mehalchick concludes the following:

> With respect to the incident report at issue [], [Petitioner] filed a timely appeal to the Regional Director [] on January 28, 2016. ([] Doc. 1, at 2, 15; [] Doc. 5, at 12). On February 2, 2016, the Regional Director rejected [Petitioner's] appeal because [he] failed to include the proper amount of continuation pages and because the appeal was untimely. ([] Doc. 4, at 4-5 & n.2; [] Doc. 4-1, at 27; [] Doc. 5, at 24). The Regional Director permitted [Petitioner] to resubmit his appeal within 10 days, along with an explanation from a staff member for his delay in

3

filing. ([] Doc. 4, at 4-5; [] Doc. 5, at 24). However, rather than resubmitting his appeal to the Regional Director as instructed, [Petitioner] filed an appeal to the Central Office on February 12, 2016 []. ([] Doc. 1, at 3; [] Doc. 5, at 25). The Central Office rejected this appeal on March 28, 2016, noting that [Petitioner] should have filed this appeal with the Regional Director and directing [Petitioner] to follow the Regional Director's original instructions. ([] Doc. 1, at 3; [] Doc. 5, at 26). Rather than comply with the Regional Director and Central Office's instructions, however, [Petitioner] chose not to file any further appeals with regard to this incident report. See ([] Doc. 4-1, at 27-34).

........................................................................................

This Court agrees with Respondent that [Petitioner] failed to comply with the BOP's administrative remedy procedure with respect to the incident report at issue []. The Regional Director rejected [Petitioner's] initial appeal because it was untimely and because [Petitioner] failed to include the proper amount of continuation pages. ([] Doc. 4, at 4-5 & n.2; Doc. 4-1, at 27; [] Doc. 5, at 24); see also 28 C.F.R. § 542.15(a), (b)(3) (providing that inmates must submit an appeal to the Regional Director within twenty calendar days of the institutional-level decision and that inmates must provide two additional copies of any continuation page and exhibits, respectively). However, the Regional Director found defects in [Petitioner's] appeal to be correctable, and instructed [Petitioner] to resubmit his appeal within 10 days in its proper form and with a memorandum from a staff member explaining why [Petitioner] was not at fault for untimeliness. . . . [Petitioner] never resubmitted his appeal to the Regional Director as instructed, and instead appealed to the Central Office. ([] Doc. 1, at 3; [] Doc. 5, at 25). Because the appeal was never corrected and resubmitted to the Regional Director, it was not properly exhausted at the regional level. See Woodford, 548 U.S. at 88. Indeed, the BOP's administrative remedy procedure only permits an inmate to

> appeal the Regional Director's rejection to the next level where the inmate is not given an opportunity to correct the defect. See 28 C.F.R. § 542.15(c). Here, however, [Petitioner] was provided the opportunity to correct the defects in his appeal to the Regional Director, so he therefore was not entitled to proceed to the Central Office. According, the Court finds that [Petitioner] procedurally defaulted on his claim that forms the basis of [his instant petition].
>
> [Petitioner] also fails to establish cause and prejudice to excuse his procedural default. [Petitioner] attempts to blame his procedural default on not receiving the DHO report and on the refusal of USP[-]Lewisburg staff members to make copies of the documents he needed to include with his appeal. ([] Doc. 5, at 1-3). However, [Petitioner's] explanation does nothing to address why he failed to resubmit his appeal to the Regional Director with a statement from a staff member as instructed. Indeed, [Petitioner] does not provide any reason as to why he ignored the directions of the Regional Director and Central Office to submit a second comprehensive appeal with the Regional Director. ([] Doc. 5, at 24, 26). Respondent makes clear that it was this failure to resubmit a proper appeal to the Regional Director - not the deficiencies in his initial appeal - that ultimately caused [Petitioner's] default. ([] Doc. 4, at 16). As [Petitioner] "fails to allege the existence of an external impediment" that prevented him from resubmitting a comprehensive appeal to the Regional Director, he cannot establish cause for his procedural default. Moscato, 98 F.3d at 762. Accordingly, the Court recommend dismissal of [the instant petition] because [Petitioner] failed to properly exhaust his claim and cannot establish that his procedural default should be excused.

(Doc. 6, pp. 28-31).

In his objections, Petitioner again asserts that did not receive the DHO

report. (Doc. 7, pp. 1-2). This is a reiteration of the assertion he contended in his traverse that has already been addressed by Magistrate Judge Mehalchick in the instant R&R. (Doc. 6, pp. 28-31). Consequently, because Petitioner is merely repeating an argument that was thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy demands the R&R be reviewed for clear error as opposed to <u>de novo</u> review. <u>See</u> <u>Hutson v. Vaughn</u>, 2004 WL 717178 (E.D. Pa. 2004) (Overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), <u>affirmed</u>, 262 Fed. Appx. 474 (3d Cir. 2008). <u>See also</u> <u>Cruz</u>, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the petitioner, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.). Thus, Petitioner's objections, (Doc. 7), will be overruled as non-specific due to the reiteration of the assertions already made in the petition, (Doc. 1).

Furthermore, this Court finding no clear error with Magistrate Judge Mehalchick's extremely thorough analysis in the R&R at hand, it will be adopted as such, and the petition for writ of habeas corpus, (Doc. 1), will be dismissed with

prejudice.

A separate Order will be issued.

**Date:** January 3, 2016

**/s/ William J. Nealon**
**United States District Judge**